IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50619
No. 95-50659
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT JESSE SMALLWOOD,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
(SA-95-CA-0167 & SA-89-CR-301)

_____

September 25,1996

Before GARWOOD, JOLLY and DENNIS, Circuit Judges.[*]

PER CURIAM:

Robert Jesse Smallwood appeals from the district court's
denial of his motion to vacate, set aside, or correct his sentence
pursuant to 28 U.S.C. § 2255. Smallwood argues that the district
court followed improper procedure in denying his motion by shifting
to him the burden of proof on the prejudice prong of his

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

ineffective assistance of counsel claims and that he was entitled to an evidentiary hearing on the issue. We have reviewed the record and find no reversible error. The district court properly analyzed Smallwood's claim. Accordingly, we affirm essentially for the reasons adopted by the district court. *See United States v. Smallwood*, No. SA-95-CA-0167 (W.D. Tex. July 27, 1995); *see also United States v. Smallwood*, No. SA-95-CV-0166 (W.D. Tex. Aug. 7, 1995). Smallwood was not entitled to an evidentiary hearing. *See United States v. Acklen*, 47 F.3d 739, 743 (5th Cir. 1995); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980). Smallwood abandons on appeal, by failing to brief the issue, his substantive claims of ineffective assistance of counsel. *Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987); see Fed. R. App. P. 28(a)(6).

AFFIRMED